## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Marie L. Meyer

v.

Eugene J. Cullinane, Inc.

January 16, 1980

Case No. (Chancery) 10589

By JUDGE ALBERT H. GRENADIER

This cause came on to be heard the 9th day of January, 1980, upon the motion of the plaintiff for the Court to reconsider its ruling at the trial wherein the Court granted the defendant's motion to strike the plaintiff's evidence. The Court has carefully considered the memoranda submitted by counsel, the cases cited therein and the oral argument of counsel.

Specific performance in equity is not a matter of right, but rests in the sound discretion of the chancellor. *Sims* v. *Nidiffer*, 203 Va. 749 (1962). In order for a party to have specific performance of a contract, he must not be in default, but must show himself to have been able, ready, eager, prompt and willing to perform all of the essential terms of the contract on his part. *Reutt* v. *Jordan*, 207 Va. 869 (1967).

In this case, the plaintiff's own evidence clearly showed that although she was eager and willing to perform the contract between the parties, she was neither ready and able to perform, nor was she prompt. She not only failed to pay the cash portion of the purchase price when the contract required her to do so, but she had no committed loan for the balance, and therefore no ability to settle on the contract. On the day of the trial she was still unable to show that she was financially capable of paying the purchase price.

The authorities cited by the plaintiff do not take this case out of the general rule. The facts in *Nidiffer*, *Booten* and *Beckett* are so factually different as to make them inapplicable to the case at bar. In *McComas* v. *Easley*, 62 Vá. (21 Gratt.) 23 (1871), the Court noted that the purchaser was not entitled to a deed "until every dollar of the purchase money . . . has been paid." There is no question in the subject case that such payment was not made.

Accordingly, the Court will adhere to its previous ruling granting the motion to strike the plaintiff's evidence and dismissing the case. Implicit in this ruling, however, is that the plaintiff have returned to her all sums paid toward the purchase price, as well as all sums paid by her for the purchase of fixtures, equipment, appliances or other items now located on the property.